NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 6 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EULALIA MARICELDA FELIPE-JUAN; MANUELA AMANDA TOMAS-FELIPE; MARCOS JESUS TOMAS-FELIPE,<br><br>        Petitioners,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No. 23-726<br><br>Agency Nos.<br>A213-083-836; A213-083-838;<br>A213-083-837<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 4, 2024**
Pasadena, California

Before: CLIFTON, H.A. THOMAS, and DESAI, Circuit Judges.

Eulalia Maricelda Felipe-Juan and her children, Manuela Amanda Tomas-

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Felipe and Marcos Jesus Tomas-Felipe[1] (hereinafter "Felipe-Juan"), are citizens of Guatemala. Felipe-Juan seeks review of the Board of Immigration Appeals' dismissal of her appeal of an Immigration Judge's denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture. Because the parties are familiar with the facts and arguments, we do not recount them here. We deny the petition.

1.      Concerning the application for asylum, substantial evidence supports the BIA's determination that Felipe-Juan has not demonstrated that her membership in her proposed particular social groups was or will be a central reason, or even a reason, for the claimed harm. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023) (requiring nexus between a statutorily protected characteristic and the purported harm for asylum and withholding of removal and reviewing the agency's nexus determination for substantial evidence).

First, the record does not compel a finding that Felipe-Juan's status as a "Guatemalan woman" or "Guatemalan woman who refuses to pay gangs" motivated the robbery attempt that she experienced. Felipe-Juan testified that she did not know the people who attempted to rob her and that they did not know her

---

[1] Eulalia Maricelda Felipe-Juan is the lead petitioner in this case and her children are derivative applicants on her application for asylum. Derivative applicant status is not available for claims of withholding of removal or protection under the Convention Against Torture, and the children have not independently applied for these forms of relief.

name. She further testified that she did not know why the robbers targeted her specifically. The contemporaneous police report documents Felipe-Juan's account that the robbers "demand[ed] . . . money for the right to travel on the public road, . . . say[ing] they have that right to charge everyone." Submitted country condition reports document that "extortion rackets" are "incredibly common and target all sectors of society." There is no indication that Felipe-Juan's robbers ever mentioned her gender or had any knowledge of her stance on gangs. Thus, the record does not compel a finding that Felipe-Juan has established a nexus between the robbery and her status as a "Guatemalan woman" or "Guatemalan woman who refuses to pay gangs."

Second, the BIA did not fail to consider whether the robbery Felipe-Juan experienced "formed a central reason for a well-founded fear of future persecution." The BIA in fact concluded that Felipe-Juan "did not establish a protected ground was *or will be* a reason for the harm she fears." (emphasis added). Because the BIA supportably found that Felipe-Juan failed to establish a nexus for past persecution, "the fact that she failed to establish a nexus for past persecution means that the same evidence would not show future persecution." *Rodriguez-Zuniga*, 69 F.4th at 1022.

2.      The BIA also properly concluded that Felipe-Juan "has not demonstrated eligibility for withholding of removal." Because the BIA supportably

concluded that there was no nexus between the robbery and Felipe-Juan's proposed particular social groups, we draw "no distinction between the 'one central reason' phrase in the asylum statute and the 'a reason' phrase in the withholding statute." *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017).

3.      Concerning the application for CAT protection, substantial evidence supports the BIA's determination that Felipe-Juan "has not met her burden to establish that she personally would be more likely than not tortured by or with the consent or acquiescence of a public official should she return to Guatemala." The record does not compel a finding that Felipe-Juan faces a particularized risk of torture in Guatemala. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (requiring a "particularized risk of future torture" for CAT protection).

The documentary evidence cited by Felipe-Juan comprises the kind of "generalized evidence of violence and crime" that we have deemed "is not particular to [p]etitioners and is insufficient to meet [CAT's] standard." *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). Moreover, Felipe-Juan's past "personal experience of being threatened and beaten" does not compel a finding of a particularized risk where evidence in the record supports that Felipe-Juan was the victim of an opportunistic crime.

**PETITION DENIED.**